IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ALEJANDRA LAVALLE CERVANTES** | CIV. NUM. 14- |
| Plaintiff, | Re: Employment Discrimination; |
| v. | |
| **INTERNATIONAL HOSPITALITY ASSOCIATES S EN C (SE) dba HOTEL LA CONCHA, INSURANCE COMPANY ABC, CORPORATION DEF, JOHN DOE, JANE DOE, and their conjugal partnership,** | |
| **Defendants** | |

# C O M P L A I N T

**TO THE HONORABLE COURT:**

**COMES NOW** plaintiff Alejandra Lavalle, through her undersigned counsel, and respectfully **ALLEGES** and **PRAYS** as follows:

**I.      JURISDICTION**

1.      This suit is brought and jurisdiction lies pursuant to the Americans with Disabilities Act 42 U.S.C. §12111 *et seq.*

2.      This Honorable Court has jurisdiction over plaintiff's federal claims under 28 U.S.C. 1331 and 1343. Its jurisdiction over state law claims is invoked pursuant to the doctrine of pendent or supplemental jurisdiction. 28 U.S.C. 1367. The following local laws are invoked: Law 80 of May 30, 1976, Law 100, 29 Laws of P.R. Anno. 185 et seq., Law 115, and Law 44.

3. The proper venue for this case lies in this Court, as the defendant Hotel La Concha does business in Puerto Rico and the causes of action occurred here. .

4. La Concha's actions in in refusing to accommodate her disability without grounds and retaliating against Ms. Lavalle for filing a complaint with the anti discrimination unit alleging a refusal to provide a reasonable accommodation have caused and are causing her significant and irreparable harm. The harm includes a loss of income, emotional distress, and harm to her reputation.

## II. PARTIES

5. Plaintiff, Alejandra Lavalle Cervantes is of legal age, single, and a resident of Puerto Rico. At all times relevant to the instant Complaint, plaintiff was an individual protected by the laws invoked in this Complaint.

6. Defendant, International Hospitality Associates S en C (SE) d/b/a Hotel La Concha is an employer as defined by the statutes invoked herein.

7. Defendant Insurance Company A, B, and C is an insurance companies that may have issued and have in effect policies of insurance for the risks that result from the acts stated in this Complaint, the identity of which are unknown at present.

8. Defendants John Doe, Jane Doe, and their respective conjugal partnerships, are persons responsible for the acts and damages alleged in the instant case whose identities are unknown at this moment.

## III. FACTS

9. Ms. Lavalle began to work for La Concha as a part time bartender in November 2009 and worked part time until September 2010.

10. In September 2010, Ms. Lavalle began work as a full time bartender.

11. In December 2010, Ms. Lavalle .resigned her employment.

12. In November 2011, Ms. Lavalle returned to La Concha and sought to be returned to her former position, and La Concha re-hired her.

2

13. Ms. Lavalle's performance was excellent and she was never admonished regarding her performance.

14. In August of 2012, Ms. Lavalle began to suffer from headaches, difficulty speaking, and in October 2012, she began treatment with a neurologist.

15. Ms. Lavalle received treatment for a dysrhythmia cerebral in her native Mexico for two weeks, and when she returned to work, she notified Mike Rivera, the Food and Beverage Director of her condition with documentary evidence.

16. Ms. Lavalle gave Mr. Rivera a copy of her medical file.

17. As recommended by her neurologist, Ms. Lavalle sought the reasonable accommodation of working the day shift because the medications she was taking precluded her from working nights.

18. Mr. Rivera told her that he had to talk to Joanna Rosado, the assistant manager about Ms. Lavalle's request.

19. Mr. Rivera then told Ms. Lavalle that she would have to resign her position as bartender, but told her that she could work the day shifts at the breakfast restaurant and pick up shifts from the other restaurants.

20. In November 2012, when Ms. Lavalle asked about returning to her job as bartender because the tips were better, Mr.Rivera told her that he needed more time to make the arrangements, and he assigned her to breakfasts.

21. Mr. Rivera had Ms. Lavalle sign a form agreeing to the transfer.

22. Mr. Rivera kept promising Ms. Lavalle that he would transfer her to a day time bartender's position, where the tips were better, but he never provided with the accommodation she had sought from the time she informed Mr. Rivera of her condition.

3

23. Then Mike Rivera resigned, but returned two weeks later, and Ms. Lavalle consulted with the general manager, Luis Rivera.

24. Ms. Lavalle complained about the harm the part time restaurant assignment was causing her.

25. In March 2013, Ms. Lavalle continued to work as a server in the breakfast area.

26. Meanwhile, La Concha hired two other bartenders to work the day shift, although Ms. Lavalle had been clear that she wanted to bartend on the day shift. .

27. Luis Rivera then told Ms. Lavalle that they could not transfer her because someone else was in the position.

28. Because of the job conditions, Ms. Lavalle's condition got worse.

29. Ms. Lavalle asked to be allowed to wear sunglasses because the day shift at the restaurants required her to work outside, and Ms. Rosado refused that reasonable accommodation as well.

30. In June 2013, Ms. Lavalle became dizzy at work, and Ms. Rosado told Ms. Lavalle that she should go home because of her state.

31. Ms. Lavalle called her doctor, and he told her to rest over the weekend.

32. When she returned to work, Ms. Rosado told Ms. Lavalle that if she continued to get sick, she would only get two days of work a week.

33. After that, Ms. Lavalle worked the two days assigned and picked up additional shifts.

34. La Concha had hired Nicolas Lambides to work the lobby bar, which is inside, in the evenings when Ms. Lavalles was forced to resign the position. At that point, La Concha transferred Mr. Lambides to the dayshift.

35. At that point, Ms. Lavalle concluded that La Concha had no intention of providing her with any accommodation for her disability.

36. On July 8, 2013, Ms. Lavalle filed a complaint with the anti discrimination unit of the Puerto Rico Department of Labor.

37. At the October 3, 2013 hearing to mediate a resolution to the discrimination, La Concha's position was that Ms. Lavalle had provided false information on her original application.

38. Nonetheless, after the mediation, La Concha agreed to reinstate Ms. Lavalle as daytime bartender in the hotel lobby.

39. On November 14, 2013, La Concha dismissed Ms. Lavalle from her job.

40. Ms. Lavalle filed a complaint for retaliation with the Anti Discrimination Unit, which has granted her a right to sue letter.

## FIRST CLAIM FOR RELIEF

### (ADA and Other Federal Laws)

41. Plaintiff incorporates as if realleged the preceding paragraphs with the same force and effect as if herein set forth.

42. Defendant's refusal to provide reasonable accommodations violated the Americans With Disabilities Act with knowing and reckless disregard of said Act's proscriptions.

43. The defendant engaged in policies and practices which willfully, or in the alternative unwillfully, discriminated against Ms. Lavalle on the basis of her disability as previously set forth in this Complaint.

44. Ms. Lavalle has met all administrative prerequisites for bringing this action.

45. All of the previously mentioned acts of defendants violate the ADA, and Ms.

Lavalle should be paid back pay, front pay, compensation for her emotional distress, and punitive damages in an amount not less than $500,000.

## SECOND CLAIM FOR RELIEF

### (ACT 44 - P.R.)

46. Plaintiff incorporates as if realleged, the preceding paragraphs with the same force and effect as if herein set forth.

47. The acts of defendant previously set forth in this Complaint, also violate Puerto Rico's Act 44 of July, 2nd 1985, as amended, 1 L.P.R.A. 501 et seq., because plaintiff's disability was a motivating factor and made a difference in the decision to refuse Ms. Lavalle a reasonable accommodation and to dismiss Ms. Lavalle in retaliation for her complaints, and defendants willfully, or in the alternative, unwillfully, engaged in practices that discriminated against Ms. Lavalle on the basis of her disability.

48. As a result of the before mentioned, Ms. Lavalle is entitled to be paid by defendants the following compensatory damages:

   a) Liquidated damages of double the back-pay that is awarded, which exceeds the sum of $100,000.00 plus interest.

   b) A sum in excess of $500,000.00 for emotional distress and mental anguish, such amount to be doubled pursuant to the law.

   c) Any other permitted damages under the law.

## THIRD CLAIM FOR RELIEF

### Retaliation for Bringing an Americans with Disabilities Claim

### 42 U.S.C. §12203

49. Plaintiff incorporates as if realleged the preceding paragraphs with the same force and effect as if herein set forth.

50. Defendant's response to Ms. Lavalle's decision to file a complaint for a violation of the Americans with Disabilites Act was to dismiss her.

51. Ms. Lavalle is entitled to be compensated with backpay, front pay, a sum of money for her emotional anguish, as well as punitive damages for her retaliatory discharge. This amounts exceeds $500,000.

## FOURTH CLAIM FOR RELIEF

### (Mental and Moral Damages Articles 1802 and 1803 of the Puerto Rico Civil Code)

52. Plaintiff incorporates as if realleged the preceding paragraphs with the same force and effect as if herein set forth.

53. .As a result of the before mentioned acts and omissions, the defendant has directly and intentionally inflicted emotional distress, humiliation, harassment, and mental anguish on the plaintiffs, in an amount in excess of $500,000.00. Ms. Lavalle has suffered immensely because of the illegal activities of defendants and is desperate, depressed, and anxious. She has spent endless nights and days of worry, uncertainty and despair. Defendants' actions also caused harm to the physical health of Ms. Lavalle.

## FIFTH CLAIM FOR RELIEF

### (Law 80)

54. Plaintiff incorporates as if realleged the preceding paragraphs with the same force and effect as if herein set forth.

55. As a result of the before mentioned acts and omissions, the defendant has the obligation to pay Ms. Lavalle statutory severance pay ["mesada"] because defendant cannot demonstrate that it had just cause to dismiss Ms. Lavalle .

7

**JURY DEMAND**

56. Plaintiff demands a trial by jury.

**WHEREFORE**, in view of the foregoing, plaintiff respectfully requests that judgment be entered against the defendant, as follows:

a) Ordering defendant to pay plaintiff a sum in excess of $500,000.00 plus interest as per the First Claim for Relief (ADA);

b) Ordering the defendant to pay plaintiff a sum in excess of $500,000.00, plus interest as per the Second Claim for Relief (Law 44);

c) Ordering the defendant to pay plaintiff a sum in excess of $600,000.00, plus interest as per the Third Claim for Relief (Retaliation ADA);

d) Ordering the defendant to pay plaintiff compensatory damages pursuant to Articles 1802 and 1803 of the Puerto Rico Civil Code;

e) Ordering the defendants to pay plaintiff statutory severance pay (the mesada);

f) Ordering defendant to reinstate plaintiff providing her with full employment benefits and salary as if the dismissal had not occurred.

g) Ordering defendant to cease and desist from any further discriminatory conduct;

h) Ordering the defendants in the respective causes of action to pay interests, costs, and attorney's fees, pursuant to Title VII and Law 44; and,

i) Granting such other and further relief as may be just and proper.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico this 5th day of May 2014.

8

**LAW OFFICES OF**
**JANE BECKER WHITAKER**
P.O. Box 9023914
San Juan, PR  00902-3914
Tel. (787) 754-9191
Fax  (787) 764-3101


 S:/Jane Becker Whitaker
**JANE BECKER WHITAKER**
USDCPR Bar Number 205110