IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ALEJANDRA LAVALLE-CERVANTES,

    Plaintiff,

    v.

INTERNATIONAL HOSPITALITY
ASSOCIATES, S. en C. (SE), d/b/a Hotel La
Concha, *et al.*,

    Defendants.

Civil No. 14-1356 (BJM)

## OPINION AND ORDER

Alejandra Lavalle Cervantes ("Lavalle") brought this action against International Hospitality, Inc. and International Hospitality Associates, S. en C. (SE), d/b/a Hotel La Concha (collectively, "the Hotel"), alleging discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA" or "Act"), 42 U.S.C. § 12101 *et seq.*, and several state-law provisions.[1] The Hotel previously moved for summary judgment, and only two claims survived: the ADA retaliation claim and the Puerto Rico Law 80 claim.[2] Docket No. 80. The Hotel filed a motion in limine, arguing that the ADA retaliation claim does not provide for compensatory or punitive damages and, therefore, Lavalle is not entitled to try that claim before a jury. Docket Nos. 84, 87. Lavalle opposed. Docket No. 85. The case is before me on consent of the parties. Docket No. 29.

For the reasons set forth below, the motion is **GRANTED**.

## DISCUSSION

The Hotel contends that an ADA retaliation claim is remedied solely by equitable relief, and so Lavelle is not entitled to have a jury hear the claim. Lavalle contends that

---

[1] Law 44, P.R. Laws Ann. tit. 1, § 501; Law 80, P.R. Laws Ann. tit. 29, § 185a; Law 100, P.R. Laws Ann. tit. 29, § 146; Law 115, P.R. Laws Ann. tit. 29, § 146; and Articles 1802 and 1803, P.R. Laws Ann. tit. 31, §§ 5141, 5142.

[2] The latest amendment to the joint, proposed pretrial order ("proposed pretrial order") inaccurately states that the Law 44 claim still remains. Docket Nos. 80 at 33; 89-1 at 1.

Lavalle-Cervantes v. International Hospitality Associates, S. en C. (SE), et al., Civil No. 14-1356 (BJM)    2

compensatory and punitive damages are available to remedy retaliation in violation of the ADA. The Hotel's motion does not address whether a jury trial is necessary for the Law 80 claim.[3]

The Act "is divided into three main subchapters known as 'Titles' and one relevant subchapter, known as Title V. Title I forbids discrimination against individuals with disabilities in the terms and conditions of employment; Title II prohibits discrimination against the impaired in access to public services; and Title III proscribes discrimination against disabled individuals in public accommodations." *Cardona Roman v. Univ. of P.R.*, 799 F. Supp. 2d 120, 126 (D.P.R. 2011). An ADA retaliation claim arises under Title V. *Goodwin v. C.N.J., Inc.*, 436 F.3d 44, 51 (1st Cir. 2006) (citing 42 U.S.C. § 12203).

The ADA's anti-retaliation provision states that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). "Instead of delineating specific remedies available for retaliation claims, section 12203(c) references the remedies and procedures available pursuant to 42 U.S.C. §§ 12117, 12133, and 12188." *Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1264 (9th Cir. 2009) (citing 42 U.S.C. § 12203(c)). "Remedies available to a party making a retaliation claim against an employer under the ADA are first determined by

---

[3] In this vein, I also note that the Hotel's portion of the proposed pretrial order inaccurately states: "Given that *only the retaliation claim remains*, [it remains at issue] whether Plaintiff can recover punitive and compensatory damages and whether *the case* need[s] to be tried to the court and not to a Jury." Docket No. 89-1 at 25 ¶ 7 (emphases added). Two causes of action survived summary judgment, Docket No. 80 at 33, and so whether any part of the case must be heard by a jury requires consideration of both the ADA retaliation claim and the Law 80 claim. *See Ross v. Bernhard*, 396 U.S. 531, 537–38 (1970) ("where equitable and legal claims are joined in the same action, there is a right to jury trial on the legal claims which must not be infringed either by trying the legal issues as incidental to the equitable ones or by a court trial of a common issue existing between the claims").

Lavalle-Cervantes v. International Hospitality Associates, S. en C. (SE), et al., Civil No. 14-1356 (BJM)     3

reference to 42 U.S.C. § 12117." *Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961, 964 (7th Cir.), *cert. denied*, 542 U.S. 932 (2004).

After exploring the remedies available under § 12117, courts have held (though not unanimously) that "compensatory and punitive damages are not available" to an employee who brings "an ADA retaliation claim against an employer." *Kramer*, 355 F.3d at 965; *Alvarado*, 588 F.3d at 1270 ("ADA retaliation claims are redressable only by equitable relief," such as back pay); *Bowles v. Carolina Cargo, Inc.*, 100 F. App'x 889, 890 (4th Cir. 2004) (same); *Collazo-Rosado v. Univ. of P.R.*, 775 F. Supp. 2d 376, 388 (D.P.R. 2011) ("Punitive damages are not available for violation of ADA's retaliation provision") (collecting cases). *But see Edwards v. Brookhaven Sci. Assocs., LLC*, 390 F. Supp. 2d 225, 236 (E.D.N.Y. 2005) ("compensatory damages may be awarded on claims of retaliation under the ADA as they are in Title I"); *Ostrach v. Regents of the Univ. of Cal.*, 957 F. Supp. 196, 200–01 (E.D. Cal. 1997) (same).

In determining that compensatory and punitive damages are unavailable for an ADA retaliation claim, cases like *Kramer* and *Alvarado* have reasoned as follows: 42 U.S.C. § 12117 "references remedies provided by 42 U.S.C. §§ 2000e–4 through 2000e–9." *Alvarado*, 588 F.3d at 1264; *Kramer*, 355 F.3d at 965. Section 2000e-5(g)(1) does not provide for compensatory or punitive damages. *See Alvarado*, 588 F.3d at 1264. And though the remedies under § 2000e-5(g)(1) were expanded by 42 U.S.C. § 1981a for "specified disability claims," this latter provision did not include an ADA retaliation claim (§ 12203) as one of the claims for which the remedies were expanded. *See Alvarado*, 588 F.3d at 1264 (citing 42 U.S.C. § 1981a(a)(2)); *Kramer*, 355 F.3d at 965. Accordingly, the "remedies available for ADA retaliation claims against an employer are limited to the remedies set forth in § 2000e–5(g)(1)." *Kramer*, 355 F.3d at 965.

To suggest that compensatory and punitive damages are available for an ADA retaliation claim, Lavalle, in step with the plaintiff in *Alvarado*, relies on four cases: *Salitros v. Chrysler Corp.*, 306 F.3d 562 (8th Cir. 2002); *Foster v. Time Warner Entm't*

*Co.*, 250 F.3d 1189 (8th Cir. 2001); *EEOC v. Wal-Mart Stores, Inc.*, 187 F.3d 1241 (10th Cir. 1999); and *Muller v. Costello*, 187 F.3d 298 (2d Cir. 1999). Docket No. 85 at 1–2; *Alvarado*, 588 F.3d at 1265 n.4. This reliance is misplaced. As *Alvarado* reasoned, while these cases "affirmed compensatory and punitive damage awards for ADA retaliation claims," they "did not address the statutory interpretation of 42 U.S.C. § 1981a, as they involved only challenges to the sufficiency of the evidence supporting the jury awards." *Alvarado*, 588 F.3d at 1265 n.4 (citing *Salitros*, 306 F.3d at 570; *Foster*, 250 F.3d at 1196–97; *Muller*, 187 F.3d at 314–15; *Wal–Mart Stores*, 187 F.3d at 1248–49). And while Lavalle further cites *Baker v. Windsor Republic Doors*, 414 F. App'x 764, 779 (6th Cir. 2011), *Baker* does not counsel a contrary result because the Sixth Circuit expressly declined to consider the issue in that case. Thus, Lavalle's ADA retaliation claim may be remedied only by equitable relief.

Because "[t]here is no right to a jury where the only remedies sought (or available) are equitable," *Kramer*, 355 F.3d at 966, Lavalle is not entitled to try her ADA retaliation claim before a jury. In the complaint, Lavalle requested that the Hotel be ordered to "reinstate [her]," to "provid[e] her with full employment benefits and salary as if the dismissal had not occurred," and to "cease and desist from any further discriminatory conduct." Docket No. 1 at 8 ¶¶ F, G. Because these remedies are primarily equitable-injunctive in nature, the court will determine whether, and the extent to which, Lavalle is entitled to equitable relief for the ADA retaliation claim. *See Ramos v. Roche Prods., Inc.*, 936 F.2d 43, 50 (1st Cir. 1991) ("the rights requested are primarily equitable-injunctive in nature, requiring promotion and reinstatement, including backpay").

The Hotel's motion does not address the remaining Law 80 claim, P.R. Laws Ann. tit. 29, § 185a, and Lavalle's complaint demands a jury trial. Docket Nos. 1 at 8, 84. "Law 80 imposes a monetary penalty on employers who dismiss employees without just cause." *Otero-Burgos v. Inter Am. Univ.*, 558 F.3d 1, 7–8 (1st Cir. 2009); *see also Carrasquillo-Ortiz v. Am. Airlines, Inc.*, 812 F.3d 195, 196 (1st Cir. 2016). The Hotel has

Lavalle-Cervantes v. International Hospitality Associates, S. en C. (SE), et al., Civil No. 14-1356 (BJM)                5

not argued that the remedy provided for by Law 80 is equitable (rather than legal) in nature, and so this claim will be tried before a jury unless the Hotel demonstrates otherwise. *See United States v. Articles of Drug Consisting of Following: 5,906 Boxes*, 745 F.2d 105, 112 (1st Cir. 1984) ("the Supreme Court has held that where factual issues are 'common' between legal and equitable claims, the right to a jury trial cannot be withheld") (citing *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479 (1962)); *see also Ross*, 396 U.S. at 537–38.

Moreover, in the interest of judicial economy, I intend to have the jury hearing the Law 80 claim serve as an advisory jury for the the factual issue common to the ADA retaliation claim. *See* Fed. R. Civ. P. 39(c)(1) ("In an action not triable of right by a jury, the court, on motion or on its own . . . may try any issue with an advisory jury"); *see also Gragg v. City of Omaha*, 20 F.3d 357, 358 (8th Cir. 1994) ("Having concluded the [state-law] claim was not triable of right to a jury, the district court properly exercised its initiative under Federal Rule of Civil Procedure 39(c) to try the claim with an advisory jury"); *Starr Int'l Co. v. Am. Int'l Grp., Inc.*, 623 F. Supp. 2d 497, 502 (S.D.N.Y. 2009)("Courts may empanel an advisory jury in order to maximize efficiency and convenience"); *Bozeman v. Sloss Indus. Corp.*, 138 F.R.D. 590, 592 (N.D. Ala. 1991) (the advisory "jury device may actually contribute to judicial economy rather than to subtract from it").

Federal Rule of Civil Procedure 39 "grants a district court the discretion to empanel an advisory jury either on a party's motion or sua sponte. The role of a jury so empaneled is, as the name would suggest, purely advisory in nature; '[t]he responsibility for the decision-rendering process remains with the trial judge' and 'it is in its discretion whether to accept or reject, in whole or in part, the verdict or findings of the advisory jury.'" *United States v. Shields*, 649 F.3d 78, 84 n.5 (1st Cir. 2011) (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2335, at 354–56 (3d ed. 2008)); *see also Banks v. Hanover S.S. Corp.*, 43 F.R.D. 374, 382 (D. Md. 1967) ("On its

Lavalle-Cervantes v. International Hospitality Associates, S. en C. (SE), et al., Civil No. 14-1356 (BJM)        6

own initiative, under 39(c), the Court directs that the same jury serve as an advisory jury with respect to the ["intertwined"] issues raised by the complaint and answer").

In this case, there is a common question of fact between the Law 80 claim and the ADA retaliation claim (i.e., whether the Hotel retaliated against Lavalle). S*ee Collazo v. Bristol-Myers Squibb Mfg., Inc.*, 617 F.3d 39, 53 n.10 (1st Cir. 2010) (triable issue of fact common to Title VII retaliation claim and Law 80 claim precluded summary judgment on both claims). This being the case, an advisory jury's recommended finding as to whether the Hotel retaliated against Lavalle would expedite the adjudication of the two remaining claims. *See e.g.*, *Starr Int'l Co.*, 623 F. Supp. 2d at 502 ("because many factual issues are common to both the [equitable and legal claims], it will expedite matters for the jury and the Court . . . if the jury is asked to render a 'verdict' (actually an advisory opinion) on the" issues relating to the equitable claim). Thus, unless the Hotel demonstrates that the remedy provided for by Law 80 is equitable-injunctive in nature, a jury will hear the Law 80 claim and that same jury will serve as an advisory jury for the factual issue common to the ADA retaliation claim.

## CONCLUSION

For the foregoing reasons, the motion is **GRANTED**. The ADA retaliation claim may be remedied solely by equitable relief and, therefore, Lavalle is not entitled to try that claim before a jury. The Law 80 claim remains scheduled to be heard by a jury, and I intend to have that same jury serve as an advisory jury for the factual issue common to the ADA retaliation claim. A jury trial is scheduled to begin on June 20, 2016. The parties are urged to explore settlement.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 14th day of June 2016.

*S/ Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge